UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES ADAMS, #823706,  )
           Plaintiff,  )
             )  No. 2:20-cv-98
v.  )
             )  Honorable Paul L. Maloney
DALE HARJU,  )
           Defendant.  )
             )

## ORDER ADOPTING REPORT & RECOMMENDATION

This matter was referred to the Honorable Maarten Vermaat, United States Magistrate Judge, who issued a Report & Recommendation ("R&R") on August 26, 2022 (ECF No. 54). The R&R recommends that the Court grant Defendant Harju's motion for summary judgment because Plaintiff failed to show a genuine dispute of material fact as to his Eighth Amendment deliberate indifference claim brought under 42 U.S.C. § 1983. The R&R also recommends denying Plaintiff's motion for a temporary restraining order ("TRO"). The parties were given fourteen days to file written objections to the proposed findings and recommendation per 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Plaintiff subsequently filed a document that the Court will construe as objections to the R&R (ECF No. 58). Because Plaintiff has failed to establish a genuine dispute of material fact or that he is entitled to a TRO, the Court will adopt the R&R, grant Harju's motion for summary judgment, and deny Plaintiff's motion for a TRO.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge

reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).

Plaintiff James Adams is a prisoner who is confined by the Michigan Department of Corrections ("MDOC") at the Baraga Correctional Facility (AMF) in Baraga, Michigan. In his *pro se* complaint, he alleges that Defendant Harju, a Qualified Mental Health Professional, denied Plaintiff's request for mental health medication and told Plaintiff to kill himself (ECF No. 1 at PageID.3). Harju denies these allegations. Based on this alleged exchange, Plaintiff brought this lawsuit, asserting an Eighth Amendment Deliberate Indifference claim against Harju. Plaintiff later moved for a TRO requiring the MDOC to transfer him to a new facility because he says that AMF officers have been threatening to send him to segregation and to make his life "a living hell" if he does not drop this lawsuit (ECF No. 48 at PageID.325). Magistrate Judge Vermaat recommends granting Harju's motion for summary judgment because (1) there are no genuine issues of material fact, (2) Harju did not infer a serious psychological need during his May 4, 2018 visit with Plaintiff, (3) once Plaintiff's risk of self-harm or suicide became apparent, Harju provided Plaintiff with mental health care, (4) Plaintiff has not shown that he was provided with inadequate health care, and (5) Harju is entitled to qualified immunity. Judge Vermaat also recommends

2

denying Plaintiff's motion for a TRO because all four of the injunctive relief factors weigh against issuing a TRO.

Following the issuance of the R&R, Plaintiff filed a document that he titled "report & recommendation" (ECF No. 58). In this document, Plaintiff asks the Court to grant his motion for summary judgment and his motion for a temporary restraining order. The Court will construe this document as Plaintiff's objections to the R&R.

This Court conducted a de novo review of Plaintiff's objections to the R&R. On review of the evidence, the R&R is adopted over Plaintiff's objections. As for Plaintiff's request that the Court grant his own motion for summary judgment, the Court cannot do so, given that Plaintiff does not have a pending motion for summary judgment.

The remainder of Plaintiff's objections are a recitation of his version of the facts and a reiteration of his response to Harju's motion for summary judgment and his motion for a TRO. In other words, Plaintiff has not raised a single objection within the meaning of Fed. R. Civ. P. 72. *See Brown*, 2017 WL 4712064, at *2.  He does not point to any errors in the R&R; rather, he appears to disagree with the conclusions of the R&R. These are not "specific" objections entitled to de novo review or that warrant relief. *See Mira*, 806 F.2d at 637.

Given that Plaintiff has failed to identify any errors in the Magistrate Judge's analysis, the Court will adopt the R&R and terminate this matter. Accordingly,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Report and Recommendation (ECF No. 54) as the Opinion of the Court.

3

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 38) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a temporary restraining order (ECF No. 48) is **DENIED**.

Judgment to follow.

**IT IS SO ORDERED.**

Date:  September 23, 2022               /s/ Paul L. Maloney
                                        Paul L. Maloney
                                        United States District Judge